# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHELSEY CRAIG | ) CIVIL ACTION |
| | ) |
| and | ) CASE NO. : 1:16-cv-00277 |
| | ) |
| KYLE LEHAN on behalf of themselves and others similarly situated, | ) JUDGE |
| | ) |
| | ) MAGISTRATE JUDGE |
| Plaintiffs, | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| vs. | ) |
| | ) |
| LANDRY'S, INC. d/b/a LANDRY'S SEAFOOD HOUSE—OHIO, INC. and | ) |
| | ) |
| MCCORMICK & SCHMICK RESTAURANT, CORP, d/b/a McCORMICK & SCHMICK'S SEAFOOD & STEAKS | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT

Plaintiffs Chelsey Craig ("Plaintiff Craig") and Kyle Lehan ("Plaintiff Lehan"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), bring this action against Defendants Landry's, Inc. d/b/a Landry's Seafood House—Ohio, Inc. ("Landry's") and McCormick & Schmick Restaurant, Corp d/b/a McCormick & Schmick's Seafood & Steaks ("McCormick") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Law"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 ("the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"), and the

Ohio Constitution, Oh. Const. Art. II, §34a. In addition, the Plaintiffs assert a related common law unjust enrichment claim in response to income reporting practices. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF SUIT

1. This lawsuit arises under the FLSA, the Ohio Acts, and the Ohio Constitution as a result of Defendants' failure to pay Plaintiffs the full minimum wage for the non-tipped work they have performed during the relevant time period. In addition, Plaintiffs assert a common law claim of unjust enrichment in relation to Defendants' unlawful income reporting practices.

2. Plaintiffs and the class they seek to represent are current and former employees of Defendants, working as hourly servers and other tipped employees.

## PARTIES

3. Plaintiff Chelsey Craig ("Plaintiff Craig" or "Craig") is an adult individual residing at 245 W. 4th Avenue, Apt. 3, Columbus, Ohio 43201 (Franklin County). Plaintiff files her written notice of consent to be a party plaintiff pursuant to 29 U.S.C. 216(b). *See* **Exhibit A**).

4. Plaintiff Kyle Lehan ("Plaintiff Lehan" or "Lehan") is an adult individual residing at 1125 Hickorylake Drive, Cincinnati, Ohio, 45233 (Hamilton County).

5. Defendant McCormick is a restaurant chain with locations throughout the State of Ohio with locations in Cincinnati (21 East 5th Street, Cincinnati, Ohio 45202), Columbus (3965 New Bond Street, Columbus, Ohio 43219) and Beavercreek (4429 Cedar Park Drive, Beavercreek, Ohio 45440). Process may be served through its statutory agent, National

Registered Agents, Inc., 1300 East Ninth Street, Cleveland, Ohio 44114 (Cuyahoga County).

6. Defendant Landry's is a Delaware Corporation that owns and operates restaurants under the trade names of McCormick & Schmick's Seafood & Steaks, McCormick & Schmick's—Harborside, Jake's Grill, Rainforest Café, Charley's Crab and others. McCormick has been owned and operated by Landry's as a subsidiary since approximately January 2012.

7. Defendants are joint employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(3).

## JURISDICTION AND VENUE

8. Subject matter jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Ohio state law and common law claims asserted by Plaintiffs, on behalf of themselves and others similarly situated, as these claims are so related to the federal claims that they form part of the same case or controversy.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Ohio because the events forming the basis of the suit occurred in this District, and Defendant resides in this District.

## FACTS AS TO DEFENDANTS

10. During all times material to this complaint, Defendants have had employees engaged in commerce or in the production of goods for commerce, or have had employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) by operating a fine dining restaurant.

11. During all times material to this complaint, Defendants have been joint "employers" and "enterprise[s] engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and "employers" within the meaning of 29 U.S.C. § 203(d).

12. During all times material to this complaint, Defendants have been engaged in interstate commerce within the meaning of FLSA and the Ohio Acts.

13. During all times material to this complaint, Defendants jointly operated McCormick & Schmick's Steaks and Seafood restaurants in Cincinnati, Ohio, Beavercreek, Ohio and Columbus, Ohio.

14. As a matter of economic reality, Defendants jointly employed Plaintiffs in the State of Ohio at McCormick & Schmick's Steaks and Seafood restaurants (collectively "the Restaurants") located at (1) 21 East 5th Street, Cincinnati, Ohio 45202 ("Cincinnati location"), (2) 3965 New Bond Street, Columbus, Ohio 43219 ("Columbus location") and (3) 4429 Cedar Park Drive, Beavercreek, Ohio 45440 ("Beavercreek location").

15. Plaintiffs and the class are individuals who were and/or are jointly employed by Defendants and were paid at an hourly rate. Plaintiffs and the class members all shared similar job titles, training, uniform requirements, compensation plans, policies, and job requirements, among other things.

4

16. Plaintiff Craig was hired as a server by Defendants on approximately October 19, 2014 to work at Defendants' Columbus location and was jointly employed by Defendants until approximately February 13, 2015.

17. Plaintiff Lehan was hired as a server by Defendants in October 2013 to work at Defendants' Cincinnati location and was jointly employed by Defendants until approximately December of 2014.

18. During all times material to this complaint, Plaintiffs and the FLSA Class members, as defined herein, were "employees" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(3).

19. Defendants did not provide Plaintiffs and the class members with records of their hours worked and the wage paid for each hour worked.

20. Plaintiff Craig and her fellow employees requested from Defendants copies of their paystubs detailed the hours they worked and the wages they were paid for each hour that they worked for Defendants. Despite these requests, Defendants jointly refused to provide Plaintiff Craig and other McCormick and Schmick's employees the requested information, claiming that it was too much of a burden to provide the requested information.

21. During all times material to this complaint, Defendants jointly paid the class members at an hourly rate less than that of the Ohio and federal minimum wage rates for non-tipped workers.

22. Defendants jointly compensated Plaintiff Craig at a rate of $3.98/hour for all work performed in 2014 and at a rate of $4.05/hour for all work performed in 2015.

23. Defendants jointly compensated Plaintiff Lehan at a rate of $3.93/hour for all work performed in 2013 and at a rate of $3.98 for all work performed in 2014.

24. During all times material to this complaint, Defendants jointly, regularly, and routinely required Plaintiffs and the class members to arrive to work between 45 minutes to 1 hour before the Restaurants opened their doors.

25. During all times material to this complaint, Defendants jointly, regularly, and routinely required Plaintiffs and the class members to remain working approximately one (1) hour to approximately one (1) hour and thirty (30) minutes after the Restaurants closed their doors.

26. When Plaintiffs and the class members have been required to arrive to work before the Restaurants opened their doors, Defendants have jointly required Plaintiffs and the FLSA Class members to perform tasks such as setting up bar chairs, laying mats down in the kitchen, preparing tea and coffee, shining glasses and silverware, setting up the soda machine, transporting and/or stocking food and equipment, turning on kitchen appliances and cleaning areas of the restaurant.

27. When Plaintiffs and the class members have been required to remain working after the Restaurants closed their doors, Defendants have jointly required Plaintiffs and the FLSA Class members to perform tasks such as washing and polishing silverware; stocking butter, storing items in the kitchen cooler, cleaning kitchen countertops, sweeping floors in the kitchen, and wiping tables.

28. During all times material to this Complaint, Defendants have jointly imposed a 1.5% credit card processing fee on all credit card tips received by Plaintiffs and the Class members. ***See* Exhibit B.**

6

29. Despite the fact that the Plaintiffs and Class members' credit card tip earnings were reduced by 1.5% by the imposition of Defendants' credit card process fee, Defendants jointly required Plaintiffs and the class members to report as income on their tax returns, the full amount of credit card tip contributions before Defendants' imposed deduction.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiffs repeat the allegations set forth above in Paragraphs 1 though 29 and incorporate them herein by reference.

31. Plaintiffs bring a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who are part of the following class:

> All individuals employed by Defendants or their predecessors or successors in the state of Ohio as servers, waiters, waitresses, bartenders, hosts, server trainers, runners and other tipped employees, or in other similar job positions at anytime from January 29, 2013 through and including the present and until the final resolution of the case, and who have not been paid the statutory minimum wage for all regular hours worked (hereinafter "FLSA class")

32. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA class have been subjected to the common business practices referenced in paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' paid Plaintiff and the FLSA class the full minimum wage.

33. The named Plaintiffs and the FLSA Class have been similarly affected by the violations affected by the violations of Defendants, which amount to a single decision, policy or plan to avoid paying all earned minimum wages.

34. Plaintiffs are similarly situated to the FLSA Class Members and will prosecute this action vigorously on their behalf.

35. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## CLASS ACTION ALLEGATIONS

### Ohio Class

36. Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 35 and incorporate them by reference herein.

37. In addition to the FLSA collective action, Plaintiffs bring a class action, pursuant to Federal Rule of Civil Procedure 23, to represent a class that is comprised of:

> All individuals who have been employed by Defendants or their predecessors or successors in the state of as servers, bartenders, waiters, waitresses, hosts, server trainers, runners, and other tipped employees at any time from January 29, 2013 through the present and until final resolution of the case (hereinafter "Ohio class").

38. Class action treatment is appropriate, as summarized in paragraphs 39-45 below, because all of Rule 23's requirements are satisfied.

39. Because the Ohio Class is so numerous that joinder of all class members is impracticable.

40. Plaintiffs believe Defendants have employed approximately more than 150 persons 100 have been subject to the Defendants' common and unlawful

41. Plaintiffs are class members and their claims are typical of the claims of the Ohio Class members, and they have no interests that are antagonistic to or in conflict with the interest of other class members.

42. Plaintiffs will fairly and adequately represent the Ohio Class members and their interests and they have retained competent and experienced counsel who will effectively represent the class members' interests.

43. Questions of law and fact are common to all class members.

44. Common questions of law and fact predominate over questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of the Ohio Class members' claims.

**Ohio Sub-class**

46. Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 45 and incorporate them by reference herein.

47. Within the larger Ohio Class, Plaintiffs seek to bring a class action, pursuant to Federal Rule of Civil Procedure 23, to represent a sub-class of the Ohio Class that is comprised of:

> All individuals who have been employed by Defendants or their predecessors or successors in the state of as servers, bartenders, waiters, waitresses, hosts, server trainers, runners, and other tipped employees at any time from January 29, 2013 through the present and until final resolution of the case, and who requested copies of records related to their employment as specified within 4111.14(G)(1) and were refused or not provided with such information (hereinafter "Ohio Sub-class")

48. Class action treatment is appropriate because as summarized in paragraphs 49-54 below, all of Rule 23's requirements are satisfied.

49. The Ohio Sub-class is so numerous that joinder of all Ohio Sub-class members is impracticable.

50. Plaintiffs are Ohio Sub-class members, and their claims are typical of the claims of the other Ohio Sub-class members, and they have no interests that are antagonistic to or in conflict with the interests of the other Ohio-Sub class members.

51. Plaintiffs will fairly and adequately represent the class members and their interests, and they have retained competent and experienced counsel who will effectively represent the Ohio Sub-class members' interests.

52. Questions of law and fact are common to all Ohio Sub-class members.

53. Common questions of law and fact predominate over questions affecting only individual Ohio Sub-class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of the Ohio Sub-class members' claims.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fair Labor Standards Act ("FLSA")
### (Collective Action)

55. Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 54, and incorporate them herein by reference.

56. During all times material to this complaint, Defendant Landry's has been an employer covered by the minimum wage requirements set forth in the FLSA.

57. During all times material to this complaint, Defendant McCormick has been an employer covered by the minimum wage requirements set forth in the FLSA.

58. During all times material to this complaint, Plaintiff and the FLSA Class members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(d).

59. During all times material to this complaint, Defendant Landry's and Defendant McCormick have been joint "employers" and "enterprise[s] engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, an "employers" within the meaning of 29 U.S.C. § 203(d).

60. As a matter of economic reality, Defendants have jointly employed Plaintiffs and the FLSA Class Members in the State of Ohio at McCormick & Schmick's Steaks and Seafood restaurants (collectively "the Restaurants") located at (1) 21 East 5th Street, Cincinnati, OH 45202 ("Cincinnati location"), (2) 3965 New Bond Street, Columbus, OH 43219 ("Columbus location") and (3) 4429 Cedar Park Drive, Beavercreek, OH 45440 ("Beavercreek location").

61. The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage. 29 U.S.C. § 203 (m).

62. In order to utilize the tip credit, employers must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

63. The FLSA requires that the tip credit is available only for the time an employee is engaged in performing tipped duties. *See*, *e.g.*, 29 C.F.R. § 531.59(b)

64. During all times material to this complaint, Defendants paid Plaintiffs and the FLSA Class members a base wage[1] and utilized a tip credit to satisfy their obligation of paying Plaintiffs and the FLSA Class members the federally established minimum wage. Upon information and belief the wage rates paid by Defendants to Plaintiffs and the FLSA Class members have been as follows:

---

[1] As used herein, the term "base wage" refers to the wages actually paid to an employee and does not refer to any tips received or used by the employer as a credit toward its obligation of satisfying the minimum wage.

    a.   For 2013 -- $3.93/hour

    b.   For 2014 -- $3.98/hour

    c.   For 2015 -- $4.05/hour

    d.   For 2016 -- $4.05/hour

65. During all times material to this complaint, Defendants have regularly and routinely required Plaintiffs and the FLSA class members to arrive to work between approximately 45 minutes to approximately 1 hour before the Restaurants open their doors.

66. During the time periods in which Plaintiffs and the FLSA Class members have performed work prior to the Restaurants' opening, Defendants have jointly engaged Plaintiffs and the FLSA Class members to perform non-tipped duties, such as setting up bar chairs, laying mats down in the kitchen, preparing tea and coffee, shining glasses and silverware, setting up the soda machine, transporting and/or stocking food and equipment, turning on kitchen appliances and cleaning areas of the restaurant.

67. During all times material to this complaint, Defendants have jointly, regularly and routinely required Plaintiffs and the FLSA Class members to remain working between approximately 1 hour and approximately 1 hour and 30 minutes after the Restaurants close their doors

68. During the times in which Defendants have jointly required Plaintiffs and the FLSA Class members to remain working beyond the Restaurants' closing, Defendants' have employed Plaintiffs and the FLSA Class members to perform tasks such as washing and polishing silverware; stocking butter, storing items in the kitchen cooler, cleaning kitchen countertops, sweeping floors in the kitchen, and wiping tables.

69. Defendants jointly failed and continue to fail to increase the Plaintiff and the FLSA Class Members' wages from the amounts specified in Paragraph 64 to the FLSA-required $7.25/hour for the hours Plaintiffs and the Class Members have worked before the Restaurants' open and after the Restaurants' close of business.

70. Defendants' conduct was willful, in the sense that Defendants knew or should have known that Plaintiffs and the FLSA Class Members were entitled to the full minimum wage for the time spent performing non-tipped job duties.

71. Accordingly Defendants have jointly violated Section 206 of the FLSA through engaging in the above proscribed actions.

**COUNT TWO**
**Violations of Ohio Constitution, Article II, Section 34a**
**Class Action (Ohio Class)**

72. Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 71, and incorporate them herein by reference.

73. During all times material to this complaint, Defendant Landry's has been an employer within the meaning of O.R.C. § 4111.14(B) and has been required to comply with the Ohio Constitution's mandates.

74. During all times material to this complaint, Defendant McCormick has been an employer within the meaning of O.R.C. § 4111.14(B) and has been required to comply with the Ohio Constitution's mandates.

75. During all times material to this complaint, Plaintiff and the Ohio Class members have been employees within the meaning of O.R.C. § 4111.14(B).

76. Article II, Section 34a of the Ohio Constitution permits an employer to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage.

77. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

78. The tip credit is only available to the employer for the hours in which the employer is able to demonstrate that an employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate established by Article II, Section 34a of the Ohio Constitution. *See*, *e.g.*, OHIO CONST. Art. II, Sec. 34a; 29 C.F.R. § 531.59(b)

79. During all times material to this complaint, Defendants jointly paid Plaintiffs and the Ohio Class members a base wage and utilized a tip credit to satisfy their obligation of paying Plaintiffs and the Ohio Class members the constitutionally required minimum wage. Upon information and belief the wage rates paid by Defendants to Plaintiffs and the Ohio Class members have been as follows:

    a. For 2013 -- $3.93/hour

    b. For 2014 -- $3.98/hour

    c. For 2015 -- $4.05/hour

    d. For 2016 -- $4.05/hour

80. During all times material to this complaint, Defendants have regularly and routinely required Plaintiffs and the Ohio class members to arrive to work between approximately 45 minutes to approximately 1 hour before the Restaurants open their doors.

81. During the time periods in which Plaintiffs and the Ohio Class members have performed work prior to the Restaurants' opening, Defendants have jointly engaged Plaintiffs and the Ohio class members to perform non-tipped duties, such as setting up bar chairs, laying mats down in the kitchen, preparing tea and coffee, shining glasses and silverware, setting up the soda machine, transporting and/or stocking food and equipment, turning on kitchen appliances and cleaning areas of the restaurant.

82. During all times material to this complaint, Defendants have jointly, regularly and routinely required Plaintiffs and the Ohio Class members to remain working between approximately 1 hour and approximately 1 hour and 30 minutes  after the Restaurants close their doors

83. During the times in which Defendants have jointly required Plaintiffs and the FLSA Class members to remain working beyond the Restaurants' closing, Defendants' have employed Plaintiffs and the FLSA Class members to perform tasks such as washing and polishing silverware; stocking butter, stocking items in the kitchen cooler, cleaning kitchen countertops, sweeping floors in the kitchen, and wiping tables.

84. Plaintiffs and the Ohio Class Members did not receive any tips during the time periods in which the Restaurants were not open for business.

85. Defendants jointly failed and continue to fail to increase the Plaintiff and the FLSA Class Members' wages from the amounts specified in Paragraph 79 to the yearly rates established by Article II, Section 34a of the Ohio Constitution for the hours Plaintiffs and the Class Members have worked before the Restaurants' open and after the Restaurants' close of business.

86. Accordingly, Defendants have jointly violated Article II, Section 34a of the Ohio Constitution by engaging in the above proscribed actions.

## COUNT THREE
### Violations of Ohio Prompt Payment Act ("OPPA") (Ohio Class)

87. Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 86, and incorporate them herein by reference.

88. During all times material to this complaint, Defendant Landry's has been a corporation and employer required to comply with the mandates of the OPPA, O.R.C. § 4113.15

89. During all times material to this complaint, Defendant McCormick has been a corporation and employer required to comply with mandates of the OPPA, O.R.C. § 4113.15.

90. Plaintiffs and the Ohio Class Members were employed by Defendants within the meaning of the OPPA, and not otherwise exempt.

91. The OPPA requires that Defendants pay Plaintiffs and the Ohio Class Members all wages owed, on or before the first (1st) day of each month for wages earned by them during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by them during the preceding calendar month. *See* O.R.C. § 4113.15(A).

92. During all times material to this complaint, because of Defendants' joint failure to compensate Plaintiffs and the Ohio Class Members fully and properly for non-tipped work performed prior to the open and close of the Restaurants' business, as detailed in paragraphs 73-86 *supra*, Plaintiffs and the Ohio Class members were not paid all wages earned within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

16

93. The Plaintiffs and the Ohio Class Members' earned minimum wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

94. In violating the OPPA, Defendants have acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT FOUR
### Unjust Enrichment (Ohio Class)

95. Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 94, and incorporate them herein by reference.

96. During all times material to this complaint, Defendants have jointly imposed a 1.5% credit card processing fee on all credit card tips received by Plaintiff and the Class members. *See* **Exhibit B.**

97. Despite the fact that the Plaintiffs and class members' credit card tip earnings were reduced by 1.5% by the imposition of Defendants' credit card processing fee, Defendants jointly reported and required Plaintiffs to report the pre-deduction amount of credit card tips received as income on their state and federal tax filings.

98. Upon information and belief, Defendants claimed the credit card processing fee charged to restaurants for credit card payments made by Defendants' customers as a tax-deductible business expense.

99. Defendants have been financially enriched by subjecting Plaintiffs and other class members to these deductions and expenses in that it has not only shifted a business expense onto Plaintiffs and the Ohio Class Members, but also has simultaneously required Plaintiffs and the Ohio Class Members to assume the tax burdens associated with the additional 1.5% in income wrongly imputed to Plaintiff and the Ohio Class

members. Furthermore, upon information and belief, Defendants avoided any tax liability associated with these costs, by claiming them as tax-deductible business expenses.

100.     As explained above the financial enrichment enjoyed by Defendants in the avoidance of business expenses has come at the expense of Plaintiffs and the Ohio Class Members who have consequently been required to contribute an increased amount in state and federal taxes.

101.     Defendants knowingly reported and caused Plaintiff and the Ohio Class Members to report the additional 1.5% in credit card tip contributions as income on their state and federal tax filings.

102.     It is against equity and good conscience to permit Defendants to benefit from the avoidance of the credit card processing fees and Plaintiffs and the Ohio Class Members increased contributions in state and federal taxes.

103.     Defendants should be required to reimburse Plaintiffs and the Ohio Class Members for the credit card processing fees imposed upon Plaintiffs and the Ohio Class Members and the additional tax payments incurred by Plaintiffs and the Ohio Class Members as a result of Defendants' actions.

**<u>COUNT FIVE</u>**
**Violation of Ohio Wage Act, O.R.C. § 4111.14(G)**
**(Failure to Provide Pay Related Information) on behalf of Ohio Sub-class**

104.     Plaintiffs repeat the allegations set forth above in Paragraphs 1 through 103, and incorporate them herein by reference.

105.     During all times material to this complaint, Defendant Landry's has been an employer within the meaning of O.R.C. § 4111.14(B) and has been required to comply with the mandates of O.R.C. § 4111.14.

106.     During all times material to this complaint, Defendant McCormick has been an
employer within the meaning of O.R.C. § 4111.14(B) and has been required to comply
with the mandates of O.R.C. § 4111.14.

107.     During all times material to this complaint, Plaintiffs and the Ohio Class members
have been employees within the meaning of O.R.C. § 4111.14(B).

108.     The Ohio Acts require an employer to provide an employee upon request with
information related to his or her including "pay rate, hours worked for each day worked,
and each amount paid for the specific employee who has requested that specific
employee's own information and does not include the name, address, occupation, pay
rate, hours worked for each day worked, or each amount paid of any other employee of
the employer." O.R.C. § 4111.14(G)(1).

109.     Plaintiffs and the Ohio Sub-Class members are not employees who are otherwise
removed from the regulations specified in O.R.C. § 4111.03.

110.     Plaintiff Craig and other members of the Ohio Sub-Class on multiple occasions
requested copies of their paystubs detailing the hours they worked and the wages paid to
them from Defendants.

111.     Defendants did not supply and jointly refused to supply Plaintiffs and the Ohio
Sub-Class Members with copies of their paystubs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the FLSA Class,
pray for relief as follows:

A.     Designation of this action as a national collective action on behalf of the FLSA
Class members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      An injunction prohibiting Defendants from engaging in future FLSA violations;

C.      Lost minimum wages and improperly deducted monies to the fullest extent permitted under the law;

D.      Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F.      Such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Ohio Class, pray for relief as follows:

A.      Designation of this action as a class action on behalf of the Ohio Class (asserting Ohio Acts claims) and prompt issuance of notice pursuant to Fed. R. Civ. Pro. 23 ("Rule 23") to all similarly situated members of the Ohio Class, apprising them of the pendency of this action, and permitting them to assert timely Ohio Wage Act claims in this action;

B.      An injunction prohibiting Defendants from engaging in future violations of the Ohio Acts and the Ohio Constitution;

C.      Unpaid minimum wages;

D.      Treble damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Ohio Sub-Class, pray for relief as follows:

A.      Lost minimum wages and improperly deducted monies to the fullest extent permitted under the law;

B.      Restitution for tax contributions made pursuant to Defendants' unlawful credit card tip reporting policy;

C.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

D.      An injunction prohibiting Defendants from requiring their employees to report unearned income;

E.      Such other and further relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs and the Class Members demand a trial by jury as to all claims so triable.


This 29th day of January, 2016                    Respectfully Submitted,

                                        /s/ Robert E. DeRose
                                        Robert E. DeRose (OH Bar No. 0055214)
                                        Trent R. Taylor (OH Bar No. 0091748)
                                        Robi J. Baishnab (OH Bar No. 0086195)
                                        **BARKAN MEIZLISH HANDELMAN**
                                        **GOODIN DEROSE WENTZ, LLP**
                                        250 East Broad Street, 10th Floor
                                        Columbus, Ohio 43215
                                        Telephone:  (614) 221-4221
                                        Facsimile:  (614) 744-2300

Email:  bderose@barkanmeizlish.com
ttaylor@barkanmeizlish.com
rbaishnab@barkanmeizlish.com

*Attorneys for Plaintiffs*