IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Chelsey Craig, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:16-CV-277 |
| | ) |
| vs. | ) |
| | ) |
| Landry's, Inc., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on the motion to dismiss filed by Defendants Landry's, Inc. and McCormick & Schmick Restaurant Corporation's motion to strike or dismiss Plaintiffs' second amended complaint (Doc. No. 20). For the reasons that follow, Defendants' motion to dismiss the second amended complaint is well-taken and is **GRANTED.**

I. Background

The Fair Labor Standards Act of 1938 ("FLSA") and the Ohio Minimum Fair Wage Standards Act require employers subject to the Acts to pay their employees a minimum hourly wage. 29 U.S.C. § 206; Ohio Rev. Code § 4111.02. The FLSA minimum wage has been $7.25 per hour since 2009. 29 U.S.C. § 206(a)(1)(C). Section 34a of Article II of the Ohio Constitution originally established the state minimum wage at $6.85 beginning January 1, 2007. The Ohio minimum wage is adjusted every year based on the inflation rate for the twelve-month period ending September 30. The Ohio minimum wage was

$7.85 per hour in 2013, $7.95 per hour in 2014, and has been $8.10 per hour since January 1, 2015.

Both the FLSA and the Ohio Act, however, permit employers to pay "tipped employees" less than the statutory minimum wage if the tips the employee receives, when combined with the hourly wages paid by the employer, equals or exceeds the minimum wage. 29 U.S.C. § 203(m)(2); OHIO CONST. art. II, § 34a. This is known as the "tip credit." 29 C.F.R. § 531.59. A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Both statutes, however, set a base wage that employers must pay to tipped employees. Under the FLSA, the base wage for tipped employees is $2.13 per hour. See U.S. DEPARTMENT OF LABOR, TIPS, https://www.dol.gov/general/topic/wages/wagestips. Under Ohio law, the base wage for tipped employees is one-half of the statutory minimum wage. OHIO CONST. art. II, § 34a. If the base wage and the employee's tips do not equal the statutory minimum wage, the employer is required to make up the difference.

Regulations issued by the Department of Labor recognize that tipped employees sometimes perform duties in which tips are not regularly or customarily given. For instance, waitresses clean and set tables, toast bread, make coffee and occasionally wash dishes and glasses. 29 C.F.R. § 531.56(e). The regulation states that the time the tipped employee spends performing duties incidental to the tipped employment is still eligible for the tip credit. Id. The Department of Labor Wage and Hour Division Field Operations Handbook purports to further refine this regulation. Pursuant to the Handbook, if "tipped employees spend a substantial amount of time (in excess of 20 percent) performing general

2

preparation work or maintenance, no tip credit may be taken for the time spent on such duties." Department of Labor, FIELD OPERATIONS HANDBOOK, § 30d00(e).

Finally, as is relevant here, if a customer pays the tipped employee's tip with a credit card, and the credit card company assesses a service charge to the employer for processing the tip, the employer is permitted to recoup the amount of the service charge from the employee's tips, so long as the recoupment reasonably approximates the cost of collecting the credit card tips. Myers v. The Copper Cellar Corp., 192 F.3d 546, 553-56 (6th Cir. 1999).

The plaintiffs in this case are Chelsey Craig, Lyle Lehan, Christian Gilliken, Anna Greve, and Julie Ullett. Plaintiffs were employed as servers by McCormick & Schmick at various times between 2013 and 2016. Plaintiffs do not specifically allege that they were "tipped-employees" although it can be reasonably inferred from the second amended complaint that they were. Plaintiffs allege that they were servers, which logically indicates that they were tipped employees, and they complain that they were not properly compensated for performing non-tipped worked. Plaintiffs assert three basic violations of the federal and state minimum wage statutes.

First, Plaintiffs state that they were required to work before opening hours and after closing hours performing tasks such as setting up chairs, laying down kitchen mats, preparing coffee and tea, shining glasses and silverware, sweeping floors, and wiping tables. Plaintiffs state that they would perform non-tipped duties for 45 minutes to one hour before opening and for one hour to 90 minutes after closing. Plaintiffs complain, however, that they were compensated for performing these "non-tipped" duties at the base wage rate for tipped employees. In other words, Plaintiffs claim that they should have been paid the

3

statutory minimum wage for non-tipped employees while they were performing non-tipped duties.

Second, Plaintiffs complain that McCormick & Schmick deducted a 1.5% processing fee from their credit card tips but required them to report as income on their tax returns the full amount of the credit card tips.

Third, Plaintiffs complain that they requested copies of their pay stubs and of other records relevant to their wages but that McCormick & Schmick refused to provide the information on the grounds that it was too burdensome to produce.

Plaintiffs filed suit against McCormick & Schmick and Landry's, Inc., McCormick & Schmick's parent corporation, for violations of the FLSA, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Payment Act ("OPPA"), and Ohio Rev. Code § 4111.14(G). Plaintiffs also assert a common law unjust enrichment claim. The Court has already explained the basis for the FLSA and Ohio minimum wage claims. The OPPA claim is premised on the idea that McCormick & Schmick's alleged failure to pay Plaintiffs the minimum wage for non-tipped work resulted in those wages being paid after the statutory deadline employers have to pay their employees' wages. The § 4111.14(G) claim concerns McCormick & Schmick's alleged failure to produce pay records upon Plaintiffs' request. The unjust enrichment theory is that McCormick & Schmick's unfairly derives a benefit by shifting the credit card processing fee to Plaintiffs while still requiring them to report the full amount of their credit card tips as income.

Plaintiffs filed suit on behalf of themselves and potential collective class of similarly-situated employees for the alleged minimum wage act violations. Plaintiffs also assert a

class action pursuant to Fed. R. Civ. P. 23 concerning the deduction of the credit card processing fee and for the alleged § 4111.14(G) violation.

Defendants now move the Court to strike and/or dismiss Plaintiffs' second amended complaint and advance a number of grounds for their motion. The Court, however, confines its analysis to those issues that are dispositive of the case.

### I. The Complaint Fails to State a Violation of the Minimum Wage Acts

Defendants argue that Plaintiffs' minimum wage act violation claims fail to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6). The Court Agrees.

#### A. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests.

Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

### B. Analysis

Defendants argue that Plaintiffs' FLSA and Ohio Minimum Fair Wage Standards Act claims fail to state claims for relief because, although Plaintiffs allege that they were not paid the statutory minimum wage for performing non-tipped duties, they fail to allege that their average wage rate, including tips, was below the statutory minimum wage. The Court agrees.

The Court notes initially that FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to same standards and may be analyzed concurrently. Mitchell v. Abercrombie & Fitch, Co., 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); Pritchard v. Dent Wizard Int'l. Corp., 210 F.R.D. 591, 596 (S.D. Ohio 2002); Haight v. Minchak, ___N.E.3d___, No. 2014–1241, 2016 WL 1061737, at *4 (Ohio Mar. 17, 2016)("The Fair Minimum Wage Amendment incorporates the FLSA without any limitation."). The basic unit of measurement under the FLSA is the employee's workweek. Kilgore v. Outback Steakhouse of Fl., Inc., 160 F.3d 294, 303 (6th Cir. 1998); 29 U.S.C. § 206(a)("Every

employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates . . . .") (emphasis added); 29 C.F.R. § 776.4(a)("The workweek is to be taken as the standard in determining the applicability of the Act."). A plaintiff who fails to allege and show that his pay rate for the workweek was below the statutory minimum wage fails to establish an FLSA violation. Kilgore, 160 F.3d at 303; U.S. Dep't of Labor v. Cole Ent., Inc., 62 F.3d 775, 780 (6th Cir. 1995); Adair v. City of Kirkland, 185 F.3d 1055, 1063 (9th Cir. 1999).

In this case, as stated supra, at 3, the facts pled in the second amended complaint show that Plaintiffs were "tipped employees" under the FLSA. Accordingly, in order to state an FLSA violation, they must plead facts plausibly demonstrating that their base pay and tips did not meet or exceed the statutory minimum wage for their workweek. 29 U.S.C. § 203(m). Plaintiffs have not met their burden.

First, while Plaintiff's allege the hourly rates at which Defendants compensated them,[1] they have not alleged that their overall hourly rate, including tips, did not meet or exceed the statutory minimum wage. Therefore, the second amended complaint on its face fails to state a violation of the statutory minimum wage requirement.

Second, to the extent Plaintiffs complain about being required to perform non-tipped work, their non-tipped work was squarely within the regulation's definition of duties

---

[1] In fact, the second amended complaint shows that, in accordance with Ohio law, Defendants compensated them at one-half of the Ohio minimum wage for non-tipped employees. Second Amended Complaint ¶¶ 31-35, 82.

7

incidental to tipped employment. 29 C.F.R. § 531.56(e). Therefore, their performance of non-tipped duties does not transform them into non-tipped employees nor does the mere fact that they performed duties incidental to their tipped employment deprive Defendants of the ability to take advantage of the tip credit.

Third, Plaintiffs' argument in their brief that the second amended complaint's factual allegations show that they spent more than 20 percent of their compensated time performing incidental, non-tipped duties does not save their FLSA claims from dismissal. Plaintiffs' argument is based on the Department of Labor's Field Operations Handbook which, as already indicated, states that the tip credit is not available to employers if the tipped employee spends more than 20% of his or her time performing incidental duties.

Assuming that the Field Operations Handbook's 20% rule is entitled to deference by the Court,[2] Plaintiffs have not plausibly alleged that they were required to perform incidental non-tipped duties more than 20% of the time. While Plaintiffs allege that they were "regularly" required to perform incidental duties for up to an hour before opening and "regularly" required to perform incidental duties for up to an hour and half after closing, they do not, as Defendants point out, actually allege in the second amended complaint that their performance of these incidental duties comprised more than 20% of their work hours. Indeed, the second amended complaint does not actually allege a violation of the 20% rule. Moreover, Plaintiffs do not even allege the overall number of hours per week they worked, making their allegations about the number of hours they worked before and after the

---

[2] Some courts have given deference to the Handbook on this issue, e.g., Fast v. Applebee's Int'l, Inc., 638 F.3d 872, 877-79 (8th Cir. 2011), and others have not. E.g. Romero v. Top-Tier Colorado LLC, No. 15-cv-02101-MEH, 2016 WL 497095, at *5 (D. Colo. Feb. 9, 2016).

8

restaurant was open to the public meaningless. In other words, without a denominator indicating the number of hours in Plaintiffs' workweek, it is not plausible to infer that Plaintiffs performed incidental non-tipped work more than 20% of their workweek.

Accordingly, the second amended complaint fails to state a claim for violations of the federal and state minimum wage laws based on Plaintiffs' performance of duties incidental to their tipped employee status.

To the extent that Plaintiffs' minimum wage act claims are based on Defendants' practice of deducting a 1.5% processing fee from their credit card tips, they also fail to state claims for relief because controlling precedent specifically permits that practice as long as it reasonably approximates the charge incurred by the employer. Myers v. The Copper Cellar Corp., 192 F.3d 546, 553-56 (6th Cir. 1999). Here, Plaintiffs do not allege that the processing fee charged by Defendants exceeds the fee charged to them by the credit card companies. Accordingly, Plaintiffs have failed to state a claim that Defendants' assessment of a credit processing fee violates the minimum wage statutes.

## II. Plaintiffs Fail to State a Claim for a Violation of the OPPA

The Ohio Prompt Payment Act requires employers to pay their employees the preceding month's wages by the first and fifteenth of the current month. Ohio Rev. Code § 4113.15(A) ("Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."). Plaintiffs' claim for an OPPA violation is based on their contention that

Defendants failed to pay them the statutory minimum wage for performing non-tipped work. Second Amended Complaint ¶ 113. However, because Plaintiffs have not stated a claim for violations of the minimum wage statutes, this derivative claim fails as well.

Accordingly, Defendants are entitled to dismissal of this claim.

### III. Plaintiffs Fail to State a Claim for Unjust Enrichment

Plaintiffs claim that Defendants were unjustly enriched by charging them a credit card processing fee against their tips but requiring them to report the full amount of the tip on their income taxes. They claim on information and belief that Defendants claim the 1.5% processing fee as a business expense despite passing the fee on to them. "Unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belong to another." Desai v. Franklin, 895 N.E.2d 875, 882 (Ohio Ct. App. 2008) (internal quotation marks omitted). Plaintiffs' unjust enrichment claim is illogical at best.

Plaintiffs assume that Defendants claim the credit card processing fee as business expense despite passing the cost on to them. Plaintiffs' allegation "on information and belief" that Defendants take a business expense deduction for the credit card processing fee on their tips has no factual basis in the complaint and, therefore, is not entitled to the presumption of truth. 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B., 727 F.3d 502, 506 (6th Cir. 2013). In any event, as already stated, the law permits Defendants to charge Plaintiffs the cost of processing credit card tips. Therefore, there is nothing unjust about that practice. Additionally, the full amount of the tip, i.e., before assessment of the fee, is undoubtedly income to Plaintiffs. Cracchiola v. Commissioner, 643 F.2d 1383, 1384 (9th Cir. 1981). Therefore, there is nothing unjust about Defendants reporting the full amount of Plaintiffs' credit card tips as income.

This boils down to who should be responsible for bearing the cost of processing credit card tips and employers are permitted to shift that cost to tipped employees. If any benefit is conferred, it is arguably conferred by the employer to the employees, who presumably benefit from the employer's ability to negotiate lower credit card processing fees than the employees would be able to negotiate for themselves. Cf. Myers, 192 F.3d at 553.

This claim is without merit and will be dismissed.

IV. Plaintiffs Fail to State a Claim for Relief Under Ohio Rev. Code § 4111.14(G)

The Ohio Fair Minimum Wage Act requires employers to provide, at no cost to an employee, "the name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee who has requested that specific employee's own information [.]" Ohio Rev. Code § 4111.14(G)(1). Defendants argue that Plaintiffs lack standing to pursue this claim because they do not actually seek production of the records they previously requested, and the only relief they do seek is to enjoin future violations of the statute. Defendants also point out that they no longer employ Plaintiffs and suggest that they would not suffer any injury by alleged future violations of the statute.

In opposition, Plaintiffs contend that they sufficiently stated a claim because they allege facts showing that Defendants failed to comply with the statute. They argue that it is immaterial that they do not seek production of the records in this lawsuit. Plaintiffs contend that their prayer for a declaration that Defendants violated the statute, coupled with their request for attorney's fees and expenses, is sufficient to state a claim for relief.

To the extent that Plaintiffs seek to enjoin future violations of the statute, they have not alleged an injury-in-fact because it is highly conjectural whether Defendants will violate

11

the statute in the future. Grendell v. Ohio Supreme Court, 252 F.3d 828, 833 (6th Cir. 2001). Moreover, since Plaintiffs do not actually seek relief from Defendants' past alleged violation of the statute, they do not have standing to maintain a claim for declaratory relief and injunctive relief only. See also City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects.")(internal brackets and ellipses omitted); Shotz v. Cates, 256 F.3d 1077, 1082 (11th Cir. 2001)("Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.").

Accordingly, Defendants are entitled to dismissal of this claim because it fails to present a justiciable case or controversy.

## V. Leave to Amend

Plaintiffs request for leave to amend the second amended complaint if the Court finds it lacking is improper. Plaintiffs have not submitted a proposed third amended complaint for the Court to review and they are not entitled to an advisory opinion from the Court on the defects in their complaint. Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP, 622 F.3d 471, 485-86 (6th Cir. 2010); Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 783-87 (6th Cir. 2000).

Accordingly, leave to amend the second amended complaint is denied.

## VI. Motion to Seal

Plaintiffs also request the Court to seal Defendants' motion, their memorandum in opposition, and Defendants' reply brief. The basis for the motion is that Defendants argued in their motion to dismiss that class counsel is inadequate because one of Plaintiffs' trial

counsel withdrew from the case (Doc. No. 19) after self-reporting a possible ethics violation concerning improper contact with putative class members.  Plaintiffs contend that Defendants only raised this issue in order to punish counsel and to gain a procedural advantage, presumably on any motion for collective or class certification.  The unstated basis for the request to seal these documents is the discomfiture to counsel caused by public revelation of a possible disciplinary violation.

The Court will not seal these documents.  There is a strong presumption that court records should be available for public inspection. In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983).  The fact that court records may contain information that is injurious to a person's reputation is insufficient to overcome this presumption. Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983).  While the Court appreciates the sensitivity of this issue to counsel, the fact that former counsel is or may become the subject to disciplinary proceedings is not a sufficient ground for the court to seal these pleadings.  Moreover, Defendants had a colorable basis for bringing the fact of counsel's disciplinary infraction to the Court's attention.  As they point out in their motion, counsel's potential ethics violation is relevant to whether counsel can adequately represent the class.

Accordingly, Plaintiffs' motion to seal is denied.

**IT IS SO ORDERED**

Date June 21, 2016                                     s/Sandra S. Beckwith
                                                                Sandra S. Beckwith
                                                    Senior United States District Judge